May it please the Court, I'm John Cappell with the Appellate Staff Civil Division, U.S. Department of Justice, and I'm representing the Appellant Department of Commerce on this appeal. I would like to, with the Court's permission, I'd like to reserve three minutes for rebuttal. Thank you. In public law, in Section 209 of Public Law 113-276, Congress has once again reaffirmed its longstanding and repeated intent that the material at issue here, the export license applications, be exempt from disclosure under the Freedom of Information Act. Public Law 113-276 is clearly applicable to this case, and it's dispositive. And while we obviously we adhere fully to everything that we have said in our briefs, this case is now in a fundamentally different posture from the case. What are you asking us to do with the case now, given Congress's acumen in this statute? We are asking you to reverse the judgment of the district court on the basis of the new law that applies to the pending case. You want us to decide whether or not it applies in this case? Yes. Why shouldn't we have the district court do that in the first instance? Well, Your Honor, because this is really, this is a matter of law, and there But district courts decide matters of law all the time. Well, this Court did that in the Center for Biological Diversity case that's cited in our brief, which was really in the same posture now. That case, there, too, the district court had ruled against the government and the government appealed. And then on appeal, this Court reversed based on the new legislation. Does the retroactivity clause, if I can call it that, in this new legislation, match up with the retroactivity clause that we looked at in biological diversity? Well, it's certainly, it's similar. There's no meaningful distinction between. Let's word it differently. This is kind of an odd retroactivity clause. It always existed. Right. Never mind. Always existed. You know, forgetting that it was, it expired, had been expired for 10 years. Well, Your Honor, what matters is Congress's intent. And this Court has made that clear in Meyerhoff v. EPA, for example, that in determining whether a statute is covered by FOIA, is a FOIA exemption-free statute, content is the keystone. And we have that here. And that is why there's no retroactivity problem under Landgraf or under this Court's case law. Well, certainly Congress is entitled to make it retroactive. I don't doubt that for a second. It's just a strange way of saying things. We know the statute didn't exist in the years between the time it expired and was readopted. But Congress says, oh, it's always existed. What are you worried about? Isn't that a strange way of wording it? I wouldn't, Your Honor, I would not say that Congress has acted strangely here. No, Congress never acted strangely. It clearly wanted to make the point that it wanted this provision to be applicable without any lapse period. And that is what that is. In passing this statute, did Congress happen to mention this case as part of the legislative history? No, Your Honor. There's no reference to the legislative history. As a matter of fact, to this case in the legislative history, there's very little legislative history. And what there is, it simply reaffirms the statutory language. I can give the Court this. And I've tried to look at the legislative history, too. So why did Congress wait 10 years to or whatever number of years it waited to reenact the statute? Does the history indicate that? I can't find out why. No, well, the history indicates that Congress wanted to make sure that this information remained confidential. There is legislative history from the chairman of the House Foreign Affairs Committee, Congressman Royce, which is found at 160, Congressional Record H9018-19, Daily Edition, December 10, 2014. And he says, finally, the bill includes a provision requested by the Department of Commerce to ensure that our export control regime will continue to protect sensitive information related to export licensing. In particular, it clarifies that the business confidentiality protections of the lapsed Export Administration remain in effect under another provision of law and will continue to protect information related to export licensing. This provision will both protect U.S. national security and the competitiveness of American exporters while providing time for Congress and the executive branch to modernize the statutory basis for our export control regime. And that is the crux, that is all the legislative history that we have been able to find on this legislation. So it reenacts the confidentiality provision of the EAA, as has been said, as if there had been no interruption of authority. But from what I can tell, it doesn't otherwise renew EAA's other subsections. No, Your Honor.  So does this difference place this case in a materially different posture than Wisconsin Project and Times Publishing? Well, Your Honor, I would say that, if anything, it makes it even stronger because Congress was focusing specifically on the confidentiality provision instead of simply, instead of reenacting the EAA in its entirety. Do you have any authority other than you think it makes it stronger? Well, I don't really have any authority for that proposition. Are you still relying, I guess, on the EAA as the relevant statute to justify the Commerce's withholding of export applications under FOIA's Exemption 3? We are relying on the EAA, the IEPA, and the executive board, the whole panoply. There are provisions that the district court rejected. Yes. But your argument today has been focusing on the renewed EAA. Right. And we believe that that makes it crystal clear and that makes this case a lot easier. As I mentioned, we are certainly, we are not backing away in any respect from what we have argued in the briefs. We just believe that now the Court need not resolve the question of what happens during a lapse period. So Judge Henderson of the district court, you know, didn't have the, and Congress just hadn't acted. He didn't have the advantage of having this new provision. That's correct, Your Honor. That was the heart of his decision, actually. That was both the heart of his decision and the plaintiff's argument. Right. So it seems, you know, we're supposed to be a court of review, right? I mean, we probably have discretion to decide this question, whether it's applicable, but really shouldn't it go back to the district court in light of the concerns that Judge Henderson did not consider this? Well, Your Honor, I certainly don't think that the government would be averse to having this Court vacate the judgment of the district court and remand for further consideration in light of the new legislation. But we don't think that that step is necessary. Let me ask you a question again about the new legislation. Let me just read the clause. And Section 12C, and then I'll leave out the rest of the description of it, has been in effect from August 20, 2001, and continues in effect on and after the date of the enactment of this Act. Certainly the second clause is within Congress's power to do, which is to say we're reenacting legislation or we're making it applicable. But isn't the first clause a statement, an incorrect statement of the law? Well, Your Honor, the one ---- If in fact it wasn't in effect, the fact that Congress says it was, does that make it in effect? Well, Your Honor, one can certainly view that this language is containing surpluses and, you know, statements that are not necessary. But the focus, the relevant part is the operative language that you relied on, that you mentioned, that it's saying that it's ---- Continues in effect. Continues in effect on and after the date of enactment of the Act. But if it's only in effect on and after the date of the enactment of the Act, what do we do with a FOIA request made before the date of the enactment of the Act? Well ---- We have to rely on the first clause to cover that. Right. No, that clause, yes. That's the retroactivity clause. Right. That's the retroactivity clause. It seems to me more like an incorrect statement of the law. Right. Well, no, I'm not sure ---- I wouldn't parse the ---- parse this language that fine. Congress was clearly saying that its intent was that to apply this legislation to pending cases and not simply prospectively from the ---- after the date of enactment of this Act. So ---- But it's a tricky issue here, I mean, because what needs to be determined is whether the inquiry shifts now to whether this new federal law applies to the present case, even though it was enacted during the pendency of the litigation. And I just don't know whether ---- it seems like it would be beneficial to have Judge Henderson look at this. Well, again, we don't think that step is necessary, but we would not be averse to vacater and remand for consideration of the new legislation. But the crucial point here is that ever since this regime has existed, since the Export Control Act of 1949, there has been a confidentiality provision. This is true in the Export Administration Act of 1969, and now the current one, which is the Export Administration Act of 1979. Congress has always had this ---- that provision in there, and it has always ---- and it has made clear during gap periods that it does not want this released. That was what Wisconsin Project and Times Publishing dealt with. Although I think if that were all you were relying on today, you'd have a harder case. Judge Henderson's opinion makes some sense to me in the sense that Congress let the Act expire and we shouldn't necessarily think that it meant the Act's provisions to continue during the period after the Act expired. That's not your primary argument today. I'm just saying that's a much harder road for you to hoe, I think. Your Honor, I certainly ---- we agree that that is a more difficult case and that the Court need not reach that now in light of the new legislation. The case may be looked at in a different ---- from a different perspective. Excuse me? With the new legislation, it changes the whole game. Yes, it does. It makes it ---- it really makes it clear that this material is supposed to be exempt from disclosure under Exemption 3. Would you like to save some time for rebuttal? Yes, Your Honor. I would appreciate that. Thank you. We'll hear from Electronic Frontier. Good afternoon. May it please the Court, my name is Mark Rumold. I represent the Plaintiffs Electronic Frontier Foundation, the appellees in this case. When the federal government authorizes American companies to sell surveillance technology overseas to countries like Syria or Egypt or Pakistan, and that technology is later used to monitor activists and to suppress political dissent, the public has a fundamental interest in ---- Well, the public only has a fundamental interest if FOIA doesn't give the government an exemption from disclosure. Well, Your Honor, I submit that they have a fundamental interest no matter what, but they also have a statutory right to that. You're not asserting a First Amendment right to this information. You're not asserting a natural law right to this information. That's correct. But they also have ---- You're asserting a FOIA right to this information. They also have a statutory right to the information. Okay. And so if you ask for this information today ---- Yes. ---- for the first time, do you agree that this statute would provide an exemption? No, Judge Hurwitz. Why not? Section 209 does not change this case in any material way. And I think to ---- Well, there's two questions. I think Judge Hurwitz, if you made the request today, after the statute ---- Sure. After the statute. You don't agree that Section 209 says from and after the date of this Act this exemption applies? Section 209 is not an Exemption 3 statute for FOIA, for purposes of FOIA. And to fully explain what Section 209 does, I think it helps to start with what Section 209 is not. Section 209, as Judge McGirt or McGirt, I'm sorry. McGirt. McGirt pointed out, is not a reenactment of the EAA. Section 209 is not a reenactment of the confidentiality provision in the sense that Congress did not take the confidentiality provision and pass it into positive law and attach either a sunset or make it a permanent part of positive law. It's not the provision of additional authorities within IEPA that specifically could make IEPA a statute that we acknowledge. So what was Congress trying to do here? Your Honor, it came up during my colleague's argument that what Congress did here is strange. And I tend to agree, actually. I can't totally explain everything that Congress has done with regards to the EAA. They've amended a lapsed statute at times. Let's go backwards. If 12C of the EAA was still in effect, let's assume you made the request when 12C was still in original effect. Exactly. Is there an exemption 3? We have acknowledged from the outset that were the EAA in effect, that this Court's decision in Lessner would be. Okay. So what is it now, to get back to my original question, doesn't this simply say at least from now on Section 12C is back in effect? No, Your Honor. Why not? Well, it says, I'm reading, and continues in effect on and after the date of the enactment of this Act. Section 12C has always been in effect, which is your retroactivity problem, and continues in effect after the date of the enactment of this Act. How could Congress say any more clearly that from this point forward 12C applies? Well, Your Honor, as I just laid out, Congress could have very easily taken the confidentiality provision of the EAA and passed it into positive law. But instead it incorporated it by reference. It said 12C is in effect from the date of this Act going forward. Which under normal circumstances might pass muster. But what we're dealing with here is Exemption 3. Congress has already set out the rules that it requires of itself to operate by in order to exempt records from FOIA. And they haven't followed those rules here. And that's enough for this Court to decide this case in our favor. Shouldn't we send it back to the district court, though? I mean, really? Everybody wants to win here. What if you were going to lose here? Would you rather go back to the district court? I think a remand would be appropriate. But as I said, Section 209 is not an Exemption 3 statute. They still cannot point to an Exemption 3 statute in this case. I can offer an alternative explanation for why Congress did what it did here. I don't think the Court needs to delve into why Congress might have passed a statute in this way. You don't think the intent is clear here? No. And, in fact, I would resist, resist the suggestion that Congress clearly intended to exempt records from FOIA. Because if Congress clearly did, they knew how to do it. They knew how to write an Exemption 3 statute. And they did not do that here. But they said it was a statute covered by Section 552b3, right? Right. And they said the lapsed EAA was a ‑‑ and we have not contested that. We have acknowledged from the outset. Well, let's just work this backwards. They said we're reenacting 12c1, correct? Correct. Whether it's retroactive or not, let's put aside for a second. And 12c1 is a statute covered by Exemption 3. Correct. Didn't they really say they meant this to be an Exemption 3 statute? Well, no. No, Your Honor. And, you know, I've offered one explanation. Well, you're very creative. But certainly isn't that what they were saying? Here's an alternative explanation for why Congress did what it did, besides some overriding intent to exempt records. The EAA is politically difficult. So Section 209 should be read as an attempt by Congress to put that difficulty on this Court. Congress could not reenact the EAA. Congress could not enact the confidentiality provision in the positive law. So what they did is passed Section 209 that does a whole lot of nothing. Well, but your contention, as I understand it, is that this didn't follow Congress's own directives to itself because it doesn't specifically mention B3, right? Well, it's so Section 209 itself is not an Exemption 3 statute. I don't think the government can claim that. And, in fact, the statute itself. 12C1 is. Right. But we don't contest that fact. So they did this. I mean, you're saying so they just did this to do this, but it has no change at all? They did this because they couldn't do what they had to do. And this is the best that they could do. But this is not enough under the standards that Congress has set for itself in Exemption 3. Tell me why they couldn't do what they had to do. You're saying Congress was incapable of doing it, or they did it procedurally wrong? The EAA is politically difficult for Congress to handle for a number of reasons. I don't want to know about politics. I want to know about could Congress. Tell me how Congress would have done this, could have done this, in order to achieve the result you say they didn't achieve. They could have reenacted the EAA and included a reference back to Exemption 3. And if they wanted to make it retroactive, they could have included a retroactivity provision. That's one way. They could have, as I said, enacted the confidentiality provision in the positive law. They didn't do that. Instead, they did this. Congress acts in mysterious ways, though. Congress does. And under normal circumstances, they're allowed a little wiggle room. But in Exemption 3, in this context, they've already set the standards by which they want to be governed. And they haven't done that here. They haven't satisfied that. If I were wearing my district court hat here, I'd want to know about this statute before I rendered the decision that Judge Henderson did. Section 209? Mm-hmm. I can offer as much knowledge about the statute as I can. It was passed in the end of a legislative session, I think December 20th. It was tacked on to a bill that otherwise dealt with the transfer of decommissioned Navy vessels to Taiwan. This Section 209 should not be read as some overriding. I think it was also passed on a voice vote. Some of us were confirmed on voice votes. Which makes them no less legitimate. I won't say how others were confirmed. But as I said, Section 209 should not be interpreted as some manifest representation of Congress. So what were they doing it for then? I know we're going in circles, but just for the sake of doing it? Or you're saying they did it, but they did it wrong, and so therefore it should be? I'm saying there may well be members of Congress that think that the confidentiality provision should continue. But there are also members of Congress that think export regulations need to be completely rewritten. And it's a product of that disagreement that led to them not even being able to pass what Congress has already set forth in terms of needing to do in order to exempt records. How is what Congress did here different than what it did in the biological diversity case? Would your argument suggest that our decision in that case was wrong also? Yes. And aren't we stuck with that case? I think the circumstances are sufficiently different. The later biological diversity. But the legislation isn't materially different, is it? It doesn't purport to reenact the whole act. It just simply purports to reenact the. Well, in biological diversity, Congress actually reenacted an exemption three statute. So those were, you know, it was an actual exemption three statute. I don't know the text of it. But I don't think the plaintiff in that case contested whether or not it satisfied exemption three. But in the initial biological diversity case, the circumstances were different. The district court had not entered a judgment at that point. I think. But then the later biological diversity case simply cited to that initial biological diversity case and said that, yes, FOIA exemptions apply retroactively. So if I could rephrase your argument, you're saying it's not that Congress couldn't do what the government says that it did here, but you think Congress didn't do what the government says. Oh, there's no question that Congress. Well, there's a question. Well, I think if Congress wanted to come in and exempt the records that are at issue in this case, it could do so. And it could do so and make it apply retroactively. But you're saying it uses the wrong form of words. It just didn't do it here. No. It's silent on retroactivity. Obviously, the statute itself is somewhat backwards looking. It's inarticulate. It says this statute has been in effect from a certain point forward. That's not silent. Yeah, that's not silent. Well, so I'll acknowledge that this section 209 is somewhat backwards looking. But the application of section, Congress was silent about when section 209 applies, which is, I understand that might be something of a fine distinction. But if Congress, if a FOIA request and a district court judgment were issued on December 1st, it's not clear that section 209 would apply when it was enacted in the law on December 20th. Well, you're not, let me just work backwards here. Are you contending that Congress didn't intend in this case to exempt these, this information from disclosure? Or are you just contending that whatever they attempted, they did it wrong? Our position is section 209 does not work to exempt the records from disclosure here. So they did it wrong. They did it wrong. Yeah. But you see why somebody could make an argument that this is what they intended to do. That is one way to look at the statute. But as I said earlier, I would resist that because Congress has already told this court, and in fact all courts, told courts how to apply the law in exemption three cases. Does that law apply, I mean, when we look at it, when we look at the language in exemption three, if you will, it says here's how you have to amend this law. But why can't, why isn't Congress free later? It's only legislation to enact different legislation. Congress. There's no bar to Congress changing its mind, is there? There certainly is not. But they have to do so clearly. And they haven't amended exemption three. And if anything, they've made exemption three more stringent. Why isn't this in effect an amendment of exemption three? We've enacted a special exemption to, we've reenacted this exemption. We're Congress. We can do whatever we want when we deal with legislation. This isn't in the Constitution. It's just legislation. There is nothing either in the text of the statute or in the legislative history that suggests that Congress was attempting to amend exemption three or create a special circumstance here. And as I said, the Open FOIA Act of 2009 made exemption three more stringent. Do you think somebody could resist what you're saying right now? Because, I mean, it seems like if you read the statute, they intended to make this retroactive. I mean, they're saying that it never was not in effect. If somebody says it was never not in effect, that it was continuous in effect, how does that mean that they didn't intend it to? Well, again, I think the question of looking in Section 209 and its intent to exempt records, I think, I've offered an alternative explanation. You know, we've only had the opportunity to brief this in a very limited fashion in our response to the 28J. I'd also suggest that to the extent that Congress is telling this court how to interpret the law as it was and is not, in fact, amending the law, which I think Section 209 does, it doesn't enact a positive change. It says IEPA kept the EAA in force. That starts to encroach on this court's Article III jurisdiction. You know, listening to your argument, it just convinces me further that probably what we should do here is vacate the district court judge's order and send it back. Your Honor, as I said, I think Section 209 is not an exemption three statute, but if the court is inclined for it. You just said right now we didn't have an opportunity to brief this. Well, we'd be happy to supplement the briefing at this stage, or if the court believes a remand is the most appropriate course, we're, of course, open to that, too. Thank you. Thank you, counsel. We appreciate your argument. Rebuttal. Thank you, Your Honor. I don't have a great deal to add to the colloquy between the court and the plaintiffs, but I would emphasize that colloquy revealed that plaintiffs essentially ascribed no meaning to the new statute there. And given that we know that legislative intent is the key. It is kind of odd. Perhaps it could have been done in a more adroit manner, but the upshot is plain and it's clear what Congress was intending to do here, which is to keep these records confidential during the lapse period and going forward. Can you respond to opposing counsel's argument that even if it's clear what Congress was intending to do, and I tend to agree with you that it was, they didn't do it the right way? Well, Your Honor, again, as you made a valid point that it's questionable whether this, whether the open FOIA really is even binding, whether another Congress necessarily has to, has to comply with it explicitly. The strange statute says future Congresses, you must obey us. It is. That is, it is a very strange statute in that respect. But, again, given that the Supreme Court and this Court have made it clear that the overriding concern is congressional intent, that really should solve the problem here. And the Supreme Court has said that it's important in FOIA, to give the FOIA exemptions meaningful reach and application and to take a practical approach and sort of not to take a nonfunctional approach. And that is the approach that the plaintiffs appear to be advocating here. Because the right tack would be to attempt to effectuate what Congress has clearly intended. So if there are no further questions, I would note in passing that there really is no retroactivity problem under Landgraf and under this Court's case law. It's clear that in this context where Congress has indicated that it wants the law to apply to pending cases and it doesn't affect any substantive rights, it doesn't prejudice a person substantively, then that is good law and there's no retroactivity problem. So if there are no further questions, I would urge the Court to reverse. Thank you, counsel. We appreciate your arguments. And thank you both, all counsel, for traveling to Stanford for the arguments and safe travels back to D.C. And with that, because our third case settled, that ends our session for the afternoon. Thank you all very much.
judges: Paez, Murguia, Hurwitz